```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

GEORGE PRITCHARD                        )
                                        )
      Plaintiff,                        )
                                        )
v.                                      )     CIVIL ACTION NO.
                                        )     08-11762-DPW
STANLEY ACCESS TECHNOLOGIES, LLC,       )
and WAL-MART STORES EAST, L.P.          )
                                        )
      Defendants.                       )
```

MEMORANDUM AND ORDER
January 27, 2011

Plaintiff, George Pritchard, filed this action against Defendants Stanley Access Technologies, LLC ("Stanley Access") and Wal-Mart Stores East, L.P. ("Wal-Mart"),[1] alleging that he was injured when an automatic door manufactured and/or maintained by Stanley Access closed on him at a Wal-Mart store.  Both Defendants have moved for summary judgment.  Finding that Plaintiff has not adequately demonstrated that any negligence on the part of the Defendants caused or aggravated his injuries, I will grant Defendants' motion.

I.    BACKGROUND

*A.    The Facts*

Pritchard, a retired driver and disabled Vietnam veteran, went with his wife to a Wal-Mart store in Massachusetts on August

---

[1] At the time the original complaint was filed, the Defendants were known as The Stanley Works and Wal-Mart Stores, Inc., respectively.  The name of the Defendants used in this Memorandum and Order reflect subsequent name changes.

1

8, 2006. As they were leaving the store through an automatic door, the door closed along Pritchard's left side forcing him over into his wife. After Pritchard and his wife walked back to their car, Pritchard began to feel pain in his knees and back and decided to return to the store to fill out an accident report. Approximately one month after the incident, Pritchard underwent surgery to his right knee. Pritchard now claims that the incident at Wal-Mart caused him to endure back and knee pain as well as mental suffering; he also contends he incurred approximately $30,000 of medical expenses as a result.

Prior to this incident, Pritchard had a history of back and knee pain, as well as post-traumatic stress disorder ("PTSD"). Pritchard underwent back surgeries both in 1992 and 1994 as a result of prior incidents. Further, Pritchard had surgeries for arthritis on both knees before 2006. Pritchard also had surgery three months prior to the incident at Wal-Mart for torn meniscus on his right knee. After these surgeries, Pritchard continued to endure chronic back pain and joint pain. His back pain, coupled with other symptoms, had led Pritchard to stop working in January 2002. Thereafter, Pritchard was diagnosed with PTSD requiring him to consult with a psychiatrist on a regular basis and take anti-depressants. Pritchard told his treating doctor in February 2010 that he continued to suffer from severe back pain and PTSD.

### B. *The Procedural History*

Pritchard filed a three-count complaint against Stanley Access and Wal-Mart in the Massachusetts Superior Court for the Bristol County on August 12, 2008. The complaint asserted claims of negligence against Stanley Access (Count I) and Wal-Mart (Count III) and a claim for unfair or deceptive practices under MASS. GEN. LAWS ch. 93A ("Chapter 93A") against Stanley Access (Count II).

The action was removed to this Court on the basis of diversity jurisdiction and assigned to my docket. After completion of discovery, Defendants filed the joint motion for summary judgment now before me.

## II. STANDARD OF REVIEW

Summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).[2] A dispute "is 'genuine' if the evidence of record permits a rational factfinder to resolve it in favor of either party." *Borges ex rel. S.M.B.W. v. Serrano-Isern*, 605 F.3d 1, 4

---

[2] Federal Rule of Civil Procedure 56 was amended effective December 1, 2010. *See* FED. R. CIV. P. 56 advisory committee's note, 2010 amendments. Nevertheless, "[t]he standard for granting summary judgment remains unchanged." *Id.* Although the pending motion for summary judgment was filed prior to December 1, 2010, the language of Rule 56 as amended applies here because applying such language is not infeasible and does not work an injustice. *See* FED. R. CIV. P. 86(a).

(1st Cir. 2010). "A fact is 'material' if its existence or nonexistence has the potential to change the outcome of the suit." *Id.* at 5.

When ruling on summary judgment, a court must view "the facts and all reasonable inferences therefrom in the light most favorable to [the non-moving party]." *Aponte-Rosario v. Acevedo-Vilá*, 617 F.3d 1, 6 (1st Cir. 2010) (quoting *Hoyos v. Telecorp Commc'ns, Inc.*, 488 F.3d 1, 5 (1st Cir. 2007)). To avoid summary judgment, "the non-moving party must put forth specific facts to support the conclusion that a triable issue subsists." *Martinez-Rodriguez v. Guevara*, 597 F.3d 414, 419 (1st Cir. 2010). But, "summary judgment cannot be defeated by relying on improbable inferences, conclusory allegations, or rank speculation." *Id.* (quoting *Ingram v. Brink's, Inc.*, 414 F.3d 222, 229 (1st Cir. 2005)).

## III. DISCUSSION

### A. *Negligence (Counts I & III)*

Pritchard alleges that the automatic door at issue was negligently and defectively designed, manufactured, maintained or sold by Stanley Access. Pritchard also contends that Wal-Mart was negligent in maintaining or creating an unreasonably unsafe or dangerous condition on its premises.

In support of summary judgment, Defendants argue that expert testimony is an indispensable, yet unsatisfied, element of

Pritchard's negligence claim. In particular, they allege that, because of the technological and medical issues involved, expert opinion is necessary to show Defendants' negligence and their causation of Pritchard's alleged injuries. By contrast, Pritchard argues that no expert testimony is necessary to make such a showing,[3] thereby suggesting the application of the doctrine of *res ipsa loquitur*.[4] As a basis for this contention, Pritchard contends that the American National Standards Institute ("ANSI") standards[5] coupled with the testimony of an employee of

---

[3] Pritchard has submitted the testimony of Dr. Warren Davis, a physicist. In his testimony, Davis stated that the fact that the automatic door closed upon Pritchard's approach constituted "clear and undeniable evidence of improper operation of the subject door in violation of the provisions of the applicable ANSI [American National Standard Institute] A156.10." But Davis admitted, during his deposition, that he could not render an opinion as to whether the automatic door had any specific defect. Davis also stated that he was not in a position to provide testimony as to whether Wal-Mart was negligent in maintaining the door. Rather, his testimony focused on the use of the elementary laws of physical mechanics to estimate the range of dynamic forces exerted upon Pritchard during the incident at Wal-Mart.

[4] Pritchard did not explicitly argue the application of *res ipsa loquitur* in his Opposition to Defendants' motion for summary judgment. However, after I raised this argument with the parties during the status conference held before me on October 28, 2010, I afforded Defendants the opportunity to address this argument in their Reply to Pritchard's Opposition.

[5] Pritchard has not produced any properly authenticated ANSI standards, but only a copy of the interpretation of these standards by Eastern Door Service, a door maintenance company, "provided for informational purposes only." In the absence of authenticated ANSI standards in the record, there is no basis to rely on those standards for purposes of the present motion.

5

Stanley Access[6] are sufficient to demonstrate that an automatic door, properly manufactured and maintained, would not close on a person. Pritchard further contends that his own testimony is the "best indicator" to show causation between Defendants' alleged negligence and his injuries.

1. Applicable Legal Principles

Under Massachusetts law, establishing liability based on a claim of negligence requires a showing that "the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage." *Lev v. Beverly Enters.-Mass., Inc.*, 929 N.E.2d 303, 309 (Mass. 2010) (quoting *Jupin v. Kask*, 849 N.E.2d 829, 834 (Mass. 2006)).

The doctrine of *res ipsa loquitur* allows the fact finder to draw an inference of negligence "when an accident is of the kind that does not ordinarily happen unless the defendant was negligent in some respect and other responsible causes including conduct of the plaintiff are sufficiently eliminated by the evidence." *Enrich v. Windmere Corp.*, 616 N.E.2d 1081, 1085 (Mass. 1993) (citing RESTATEMENT (SECOND) OF TORTS § 328D(1)(a) (1965)). In order for the doctrine to apply, a plaintiff must show that "(1) the instrumentality causing the accident was in

---

[6] An employee of Stanley Access stated, during deposition, that "[i]f the door is functioning properly, it shouldn't" close on a person.

the sole and exclusive control and management of the defendant; and (2) the accident is of the type or kind that would not happen in the ordinary course of things unless there was negligence by the defendant." *Wilson v. Honeywell*, *Inc.*, 569 N.E.2d 1011, 1013 (Mass. 1991) (internal quotation marks omitted). The ultimate burden upon the plaintiff whether relying upon *res ipsa loquitur* is to show it is "more probable than not that the defendant was negligent, and that negligence was the cause of the injuries about which the plaintiff complains." *Id.* at 1014. I will address the question of Defendants' negligence by examining the showing required to raise the *res ipsa loquitur* inference.

2. Application to the Facts

   *a.   Exclusive Control*

A jury could reasonably conclude, and Defendants do not dispute, that the automatic door causing the incident was in the Defendants' shared control and management. Wal-Mart, as the owner and manager of the store, had a duty "to keep the premises provided for the use of its patrons in a reasonably safe condition, or" if not, "at least to warn them of any dangers that might arise from such use, which are not likely to be known to them, and of which the defendant knows or ought to know." *Oliveri v. Mass. Bay Transp. Auth.*, 292 N.E.2d 863, 864 (Mass. 1973). Stanley Access, as the manufacturer and/or repairer of the automatic door, was under a duty to design and maintain its

7

product "with reasonable care" to eliminate avoidable dangers. *See Uloth v. City Tank Corp.*, 384 N.E.2d 1188, 1191 (Mass. 1978) (quoting *doCanto v. Ametek, Inc.*, 328 N.E.2d 873, 877 (Mass. 1975)).

Even assuming that Stanley Access performed maintenance and repair service on the door only from time to time, this circumstance would not remove the doors from Wal-Mart's control. *See Stone v. Courtyard Mgmt. Corp.*, 353 F.3d 155, 160 (2d Cir. 2003) ("[Owner and maintenance company] were both 'burdened with supervision' of the automatic doors and a *res ipsa loquitur* inference could have been drawn against either or both"); *see also Meny v. Carlson*, 77 A.2d 245, 250 (N.J. 1950) ("The word 'exclusive' when used to define the nature of the control necessary to invoke the doctrine of *res ipsa loquitur* does not connote that such control must be several and the defendant singular and never plural."); *Ruiz v. Otis Elevator*, 703 P.2d 1247, 1250 (Ariz. Ct. App. 1985) ("although the doctrine speaks of 'exclusive control' the application of the doctrine against two or more defendants where there is joint control is appropriate."). Given that the doctrine of *res ipsa loquitur* may apply against two defendants when there is joint control, "it is for the jury to say whether either or both had control." *Greet v. Otis Elevator Co.*, 187 A.2d 896, 898 (D.C. 1963).

*b. Type of Accident*

The application of *res ipsa loquitur* requires a showing that it is "more probable than not" that Defendants were (i) negligent, and that this negligence was (ii) the cause of Pritchard's injuries. *Wilson*, 569 N.E.2d at 1014. Whether Pritchard can make such a showing depends on whether expert testimony is required as to either or both negligence and causation.

*i. Expert Testimony <u>Is Not Required</u> to Show Negligence*

A jury applying common sense might conclude that an automatic door malfunction does not occur absent *some* negligence. Defendants argue, nevertheless, that, because of the technical nature of an automatic door, a jury could not reach that conclusion in the absence of expert testimony. In support of their contention, Defendants rely on the affidavit of John Hulse, an engineer with experience in the automatic door industry. In his affidavit, Hulse states that "the door and the sensor devices are the product of highly technical and sophisticated design and engineering."

While the equipment may be technical and sophisticated, the majority of jurisdictions, including at least one court in Massachusetts, have invoked the *res ipsa loquitur* inference when automatic doors cause injury to pedestrians. *See, e.g., Stone*, 353 F.3d at 160-61 (holding that plaintiff who was allegedly

9

injured when automatic doors closed on her was entitled to *res ipsa loquitur* inference); *Balistreri v. Richard E. Jacobs Grp., Inc.*, 322 F. Supp. 2d 972, 978 (E.D. Wis. 2004) ("automatic sliding doors do not ordinarily close on a person in the absence of negligence"); *Brewster v. United States*, 542 N.W.2d 524, 532 (Iowa 1996) ("We agree with the majority of courts that have concluded an automatic door malfunction does not occur in the absence of negligence. We think it is within the common experience of law people to come to this conclusion"); *Brown v. Scrivner, Inc.*, 488 N.W.2d 17, 19 (Neb. 1992) ("Automatic doors do not, in the ordinary course of things, cause injury to those who pass through them."); *Landmark Hotel & Casino, Inc. v. Moore*, 757 P.2d 361, 364 (Nev. 1988) (per curiam) ("Automatic sliding glass doors . . . are ubiquitous, affording the public safe ingress and egress to countless facilities on a daily basis. What happened to [plaintiff] is unusual; it strongly suggests a malfunction attributable to negligence."); *Rose v. Port of N.Y. Auth.*, 293 A.2d 371, 375 (N.J. 1972) ("Members of the public passing through automatic doors, whether in an airport, office building or supermarket do so generally, without sustaining injury. What happened to the plaintiff here is fortunately unusual and not commonplace. It strongly suggests a malfunction which in turn suggests neglect."); *Tarara v. Dayton Hudson Corp.*, 629 N.E.2d 1352, 1353 (Mass. App. Ct. 1994) (rescript) (applying

*res ipsa loquitur* even when "the defendant did not know of the defect [and] there was no indication prior to the incident that the door was defective").[7]

In light of this weight of authority and what I perceive to be general trends in Massachusetts products liability law, I am satisfied the Massachusetts Supreme Judicial Court would concur in the view expressed by the New Jersey Supreme Judicial Court:

> An automatic door may be a highly sophisticated piece of machinery, but it *probably* does not close on an innocent patron causing injury unless the premises' owner negligently maintained it. That conclusion can be reached based on common knowledge without resort to expert testimony. A jury does not need an expert to tell it what it already knows.

*Jerista v. Murray,* 883 A.d 350, 363 (N.J. 2005). This view is also consistent with the First Circuit's current practice to consider "that '[w]here a matter may be comprehended by jurors the testimony of an expert has no place.'" *Downey v. Bob's Disc. Furniture Holdings, Inc.*, No. 09-2137, --- F.3d ----, 2011 WL 117263, at *9 (1st Cir. Jan. 14, 2011) (quoting *Coyle v. Cliff Compton, Inc.*, 583 N.E.2d 875, 878 (Mass. App. Ct. 1992))

---

[7] Only very few courts have disagreed. *See, e.g., Hisey v. Cashway Supermarkets, Inc.*, 426 P.2d 784, 786 (N.M. 1967) ("The absence of any evidence, or reasonable inference to be drawn from evidence that this accident is the kind which ordinarily does not occur in the absence of the negligence of someone alone defeats the application of the doctrine of res ipsa loquitur."); *Johnston v. Grand Union Co.*, 375 S.E.2d 249, 251 (Ga. Ct. App. 1988) (refusing to apply *res ipsa loquitur* because "the plaintiff has not even shown the door was defective, and certainly not that the same alleged defect which injured this plaintiff, had 'habitually recurred.'").

(alteration in original).  Accordingly, I conclude that expert testimony is not required to show negligence on the part of Defendants.

   *ii.  Expert Testimony <u>Is Required</u> to Show Causation*

By contrast, a jury could *not* reasonably conclude, on the basis of the evidence of record and in the absence of expert testimony, that Defendants' negligence was more likely than not the cause of Pritchard's alleged injuries.  Instead, under Massachusetts law, expert testimony is required to demonstrate that Defendants' negligence was the cause of the enhancement of the injuries about which Pritchard complains.  *See Lally v. Volkswagen Aktiengesellschaft*, 698 N.E.2d 28, 36 (Mass. App. Ct. 1998) ("our appellate courts and those in other jurisdictions have recognized the necessity for expert medical testimony on highly technical medical issues, such as injury causation and enhancement of injury.") (citing cases).  This is particularly true here in light of Pritchard's complex history of back and knee pain.

The record before me is devoid of any expert medical testimony establishing causation between Defendants' negligence and the injuries allegedly sustained by Pritchard.  The evidence contained in Davis' report on the use of the laws of physical mechanics and dynamic forces provides no support in this respect.  As Davis stated, his intention was not "to translate those forces . . . directly into the realization of the specific injuries that

Mr. Pritchard sustained but, rather, to provide a basis for others to do so." No other has done so. The testimony given by Dr. Robert A. Browne, Pritchard's treating physician since 2003, merely demonstrates that Pritchard had a history of chronic back and knee pain prior to the incident at Wal-Mart and does not advance Pritchard's causation argument. At most, the record shows that Pritchard's back and knee pain required multiple surgeries, including surgery to his right knee three months prior to the incident. Given this history, the mere fact that Pritchard underwent another surgery to the same *right* knee approximately one month after the incident — especially when the automatic door actually closed on his *left* side — is simply insufficient to establish causation absent any expert medical testimony. Nothing in the more recent medical record, which merely evidences that Pritchard was still suffering from severe back pain and PTSD as of February 2010, is helpful to Pritchard's causation argument.

Because of his complex medical history, Pritchard was required to adduce expert medical testimony to show that his condition was somehow aggravated by Defendants' negligence. In the absence of such evidence, a fact finder would have no basis other than conjecture, surmise, or speculation upon which to conclude that the injuries of which he complains were caused by the impact of the automatic door. *See Look's Case*, 185 N.E.2d

13

626, 628 (Mass. 1962) ("the causal relationship between the . . . injury and the alleged incapacity [involving aggravation] is a matter beyond the common knowledge and ability of the layman and must be established by expert medical testimony"). Pritchard's failure to produce such evidence is thus fatal to his negligence claims. Consequently, I grant summary judgment as to both Counts I and III.

## B. *Unfair or Deceptive Practices (Count II)*

Pritchard further alleges that Stanley Access has engaged in unfair or deceptive practices in violation of Chapter 93A by manufacturing or distributing a defective automatic door.

Section 9 of Chapter 93A provides a private cause of action for "any person[8] . . . who has been injured by another person's use or employment of" an unfair or deceptive act or practice. MASS. GEN. LAWS ch. 93A, § 9 (2004). The overall purpose of this section "is 'to improve the commercial relationship between consumers and business persons and to encourage more equitable behavior in the marketplace' by 'impos[ing] liability on persons

---

[8] Although this issue has not been raised by the parties, I note for purposes of completeness of this Memorandum and Order that there is no requirement of contractual privity between Pritchard and Stanley Access under Section 9 of Chapter 93A. *See Kattar v. Demoulas*, 739 N.E.2d 246, 258 (Mass. 2000) ("Parties need not be in privity for their actions to come within the reach of c. 93A"); *Maillet v. ATF-Davidson Co.*, 552 N.E.2d 95, 98-99 (Mass. 1990) (holding that actionable "unfair" conduct may exist between a non-privity plaintiff and a manufacturer in a product liability case).

14

seeking to profit from unfair practices.'" *Herman v. Admit One Ticket Agency LLC,* 912 N.E.2d 450, 454 (Mass. 2009) (quoting *Poznik v. Mass. Med. Prof'l Ins. Ass'n*, 628 N.E.2d 1, 4 (Mass. 1994)) (alteration in original). In order to prevail under this section, a plaintiff must show "(1) a deceptive act or practice on the part of the seller; (2) an injury or loss suffered by the consumer; and (3) a causal connection between the seller's deceptive act or practice and the consumer's injury." *Casavant v. Norwegian Cruise Line, Ltd.*, 919 N.E.2d 169 (Mass. App. Ct. 2009).

Because I have concluded that Pritchard falls short of showing that his injuries were caused by the alleged negligence of Stanley Access, *see* Section III.A.2.b.ii *supra,* I grant summary judgment as to Count II.

## IV. CONCLUSION

For the reasons set forth more fully above, I GRANT Defendants' motion for summary judgment. (Dkt. No. 35.)


*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE